USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROSALINO ANDON,

                              Plaintiff,                                **OPINION AND ORDER**

          -against-                                            **17-CV-7876 (ALC) (KHP)**

SDG PROPERTIES, INC., et al.,

                              Defendants.

------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rosalino Andon, formerly a building superintendent for Defendants, brings this action on behalf of himself and others similarly situated against his former employers and their principals under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff alleges, among other things, that Defendants failed to pay him and other similarly situated employees overtime compensation as required by the FLSA by instead treating him and others as independent contractors when performing certain handyman work. Presently before the Court is Plaintiff's Motion for Conditional Certification of a Collective Action. The Court assumes knowledge of the facts and, as discussed at the Court conference on August 13, 2018, Plaintiff's motion is GRANTED in part and DENIED in part. The following memorializes the Court's reasoning discussed at the conference.

**DISCUSSION**

*I.    Conditional Certification*

Section 216(b) of the FLSA provides that parties suing under Sections 206 and 207 may proceed "for and in behalf of himself or themselves and other employees similarly situated."

1

29 U.S.C. § 216(b). A proceeding brought under Section 216 is traditionally referred to as a "collective action." *Jenkins v. TJX Cos. Inc.*, 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012). The Second Circuit has endorsed a two-step process for certification of a collective action under Section 216(b) of the FLSA. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. If the case is at an early stage in discovery, plaintiffs can meet this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). This showing can be made by "relying on [plaintiff's] own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99-cv-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008). If the Court finds that the potential plaintiffs appear to be similarly situated to the named plaintiffs, it will issue notice and permit the case to proceed through discovery as a collective action. *See Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). A grant of conditional certification is not a decision on the underlying merits of a plaintiff's claims. *Damassia v. Duane Reade, Inc.*, No. 04-cv-8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006). Rather, authorization for the dissemination of notice in an FLSA collective action is merely a case management tool to be used where collective discovery is deemed most efficient and would reduce burdens on the courts and costs for the parties. *See Myers*, 624 F.3d at 555 n.10. At a later stage in the case, the action may be "de-

certified" if the record reveals that the plaintiffs who have opted in are not actually "similarly situated" to the named plaintiffs, and the opt-in plaintiffs' claims may be dismissed without prejudice. *Id*. at 555.

Plaintiff seeks certification of a collective action consisting of all superintendents and handymen employed by Defendants. The Court grants conditional certification as to superintendents only because Plaintiff himself was a superintendent and the other putative members of the collective with whom Plaintiff spoke about Defendants' pay practices also were superintendents. Plaintiff has provided no information about a separate "handyman" position. Rather, in his declarations, Plaintiff has stated that he met only with superintendents and, from conversations with them, learned that they too had been asked to form an individual company through which they would be paid for "handyman" work instead of that work being counted as part of their superintendent job. Plaintiff states that he had these conversations (1) when visiting approximately 10 buildings owned/operated by Defendants; (2) at a hardware store where Defendants maintained a common account for superintendents to charge supplies for their handyman jobs for Defendants; and (3) at an annual holiday party held for employees in Defendants' buildings. (Doc. No. 55, Supplemental Declaration of Plaintiff Rosalino Andon ¶¶ 7-11.) Based on the foregoing, Plaintiff has made the modest factual showing that superintendents in all of Defendants' buildings are sufficiently similarly situated to be treated, on a conditional basis, as a collective with respect to the alleged FLSA violation of treating their handyman work as separate from their superintendent work for purposes of computing straight time and overtime hours and overtime compensation. *See Hallissey*, 2008 WL 465112, at *2

(the key question at the conditional certification stage is "whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated*") (emphasis in original).

At a later stage in this litigation, after further discovery, the Court will determine Plaintiff's claims and Defendants' defenses on the merits and whether the Plaintiff and any opt-in plaintiffs are sufficiently similarly situated to remain a collective.

## II. *Notice And Consent Form*

The parties are directed to meet and confer regarding Plaintiff's proposed class notice. The parties shall submit a form of proposed notice and opt-in consent form for the Court's consideration by **August 22, 2018**. If the parties cannot agree on aspects of the proposed notice, they shall set forth their respective positions in a letter and a proposed notice containing clearly labeled and bracketed language preferred by each party for the Court's consideration.

## III. *Temporal Scope For Class*

The statute of limitations applicable to a claim for unpaid wages and/or overtime compensation under the FLSA is two years from the date that the claim accrued or three years for a cause of action arising out of a willful violation. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 141 (2d Cir. 1999). At the conditional certification stage, allegations of willful FLSA violations are sufficient to apply the three-year statute of limitations for purposes of sending a notice to putative members of the collective. *Francis v. A & E Stores, Inc.*, No. 06-cv-1638 (CLB) (GAY), 2008 WL 2588851, at *3 (S.D.N.Y. June 26, 2008), *adopted as modified*, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008). Here, Plaintiffs have alleged willful conduct by Defendants. (Doc. No. 38, Amended Complaint ¶¶ 3, 72, 93.) Thus, the Court finds a three-

4

year limitations period appropriate for sending notice to the putative collective action members. *See Garcia v. Chipotle Mexican Grill*, No. 16-cv-601 (ER), 2016 WL 6561302, at *9 (S.D.N.Y. Nov. 4, 2016) (finding a three-year notice period appropriate at this stage "[g]iven the fact that willfulness is disputed").

**By August 24, 2018**, Defendants' counsel shall provide Plaintiff's counsel with a list of all superintendents employed by Defendants in the three-year period preceding the filing of the Complaint. *See id.* ("Although notice is normally provided to those employed within three years of the date of the notice, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint . . .") (internal citation and quotation marks omitted). Defense counsel shall provide names, last known mailing addresses, and email addresses for the putative collective members. Notice shall not be posted at Defendants' buildings. *See*, *e.g.*, *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) (ordering production of email addresses and noting that "absent a showing that a significant number of notices were returned as undeliverable, courts have refused to require posting of a collective action notice in the workplace").

### IV.     *Tolling Of Statute Of Limitations*

Plaintiff seeks equitable tolling of the statute of limitations for members of the collective who have not yet opted into the collective. Equitable tolling is appropriate "only in rare and exceptional circumstances . . . where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Vasto v. Credico (USA) LLC*, No. 15-cv-9298 (PAE), 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (citations and internal quotation marks

omitted). This Court does not find that this case presents any such rare and exceptional circumstances. Accordingly, Plaintiff's request for equitable tolling is denied.

However, this Court recognizes that equitable tolling issues may arise as to individual opt-in plaintiffs, and that other courts in this district sometimes entertain challenges to the timeliness of individual plaintiffs' actions. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013). Thus, should equitable tolling issues arise in this case after conditional certification as to particular plaintiffs, the Court will timely address those issues as they arise.

### V. *Discovery And Scheduling*

The Court expects the 60-day opt-in period to end by October 31, 2018. Accordingly, a case management conference will be held on **November 2, 2018 at 10:00 a.m.** in Courtroom 17D. Before then, discovery is not stayed. The parties are expected to complete document discovery as to policies common to the putative collective and concerning Plaintiff Andon's claims by **November 1, 2018**. At the November 2, 2018 conference, the parties will be expected to update the Court on the specific discovery completed and remaining, as well as any reasonable extension of the discovery period based on the number of opt-in plaintiffs who have joined the action. The parties also should be prepared to discuss dates for a settlement conference.

### CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Conditional Certification (Doc. No. 46) is **GRANTED** in part and **DENIED** in part. The Court conditionally certifies a class of potential plaintiffs who were employed as superintendents by Defendants within three years of the filing of the Complaint in this matter.

The Clerk is respectfully directed to terminate the motion pending at Doc. No. 46.

**SO ORDERED.**

Dated: August 20, 2018
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge